IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVE ROBINSON, #153410,                    :

    Plaintiff,                                      :

vs.                                         :       CIVIL ACTION 16-176-KD-N

LEEPOSEY DANIELS, et al.,                   :

    Defendants.                                 :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that prior to service of process, this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

**I. Proceedings.**

    **A. Transfer from Middle District.**

This action began in the United States District Court for the Middle District of Alabama when Robinson filed a complaint on that court's complaint form naming Alabama's Governor Robert Bentley and Attorney General Luther Strange as defendants. (Doc. 1). By filing the lawsuit, Robinson sought a court order ruling that the sentencing schemes in Alabama are unconstitutional. (Id.). Robinson advised the court that he has two, robbery convictions and received a life sentence for each conviction, one on August 2, 2002, and the other on August 8, 2002, with the sentences to run concurrently. (Id.).

When the court in the Middle District reviewed the complaint, it construed the complaint as a habeas corpus petition and noted that the petition was not clear as to whether Robinson was challenging the sentence imposed on him in 2002 or decisions denying him parole because he failed to identify the judgment he was attacking.  (Doc. 3).  Therefore, the court ordered Robinson to file an amended petition for the writ of habeas corpus.  (Id.).  In response to the order, Robinson said that he was not filing a habeas petition under 28 U.S.C. § 2254, but he was filing an action under 42 U.S.C. § 1983.  (Doc. 4).

After reviewing Robinson's response, the court for the Middle District nonetheless construed the action as a habeas petition "even though Robinson did not explicitly invoke the statute[.]"  (Doc. 5).  Then, the court transferred his action to this Court because the Circuit Court for Mobile County, Alabama, which imposed Robinson's convictions and sentences, is in the Southern District of Alabama.  (Id. at 2, Doc. 6).

Upon receipt of the transferred action, this Court ordered plaintiff to file his claims on this Court's form for a § 1983 complaint and advised him that his complaint would supersede his prior complaint.  (Doc. 8).[1]  Plaintiff briefly completed the Court's complaint form and then attached a fourteen-page supplement, which appears to be the text from the body of his original complaint.  (Doc. 9).

**B. Complaint's Allegations.**  (Doc.  9).

In his § 1983 complaint before this Court, Robinson names as defendants, Robert

---

1 Following the disapproval by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), of the Seventh Circuit's treatment of a § 1983 action as a habeas action, this Court ordered Robinson to complete a § 1983 complaint form.  Id. at 479-80, 114 S.Ct. at 2368-69; Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995); Virgess v. Hardway, 2012 WL 2277602, at *3 (S.D. Ala. 2012).

Bentley, Governor of Alabama; Luther Strange, Attorney General of Alabama; and Leeposey Daniels, Warden of Staton Correctional Facility; all of whom are described as having an address in the Middle District of Alabama.[2] (Id. at 5).  For his relief, Robinson still requests the Court to order that the sentencing schemes in Alabama are unconstitutional.  (Id. at 7, 14).  He complains that "[t]he multiple sentencing schemes in Alabama fail[] to allow similarly situated persons to be treated alike."  (Id. at 4).

In response to the complaint form's questions, Robinson states that the complained of action occurred at Staton Correctional Facility, and it began on August 2, 2002 until the date of filing his § 1983 complaint.  (Id. at 4).  He further states that he was convicted on two counts of first-degree robbery and received two, concurrent life sentences, with neither convictions nor sentences having been invalidated.  (Id. at 6).

As for his claims, Robinson makes the following allegations.  Defendants Bentley and Strange "failed to establish an effective[,] fair and efficient sentencing system for Alabama."  (Id. at 5).  And defendant Daniels is "task[ed] with the care, custody and control of [him] while confined by the Alabama Department of Corrections."  (Id. at 6-7).

The facts to support these claims are in the "Supplement in Support of Prisoner Complaint Under 42 U.S.C. Section 1983."  (Doc. 9-1).  Robinson was sentenced by Judge Thomas to two, concurrent life sentences on August 2, 2002 and on August 8, 2002 for his two, first-degree robbery convictions, and was given 289 days of jail credit.  (Id. at 1).  He alleges that he "has a life without the possibility of parole hidden behind a

---

2 Even though the defendants are not in the Southern District, venue is proper in this Court in this § 1983 action because a substantial part of the events giving rise to the plaintiff's claims occurred in the Southern District of Alabama, i.e., his convictions and sentences occurred here.  28 U.S.C. § 1391(b)(2) (2011).

life sentence," even though he recognizes the grant of parole is discretionary and cites to law holding the same. (Id.). Nevertheless, he contends that his "sentences violate procedural and substantive due process, equal protection of law, and cruel and unusual punishment." (Id. at 2).

Robinson states that he was sentenced under § 13A-5-6 of the Alabama Code, which provides that a sentence for "a Class A felony [is] for life or not more than 99 years or less than 10 years." (Doc. 9-1 at 2, 5). He also mentions that in 1985 the Alabama legislature passed a split sentence provision, Ala. Code § 15-18-8, which has been amended to include a sentence for the Class A crime of murder. (Id. at 3). This statute, which is set out in the complaint, provides, in part:

> (a) When a defendant is convicted of an offense . . . that constitutes a Class A or Class B felony offense, and receives a sentence of 20 years or less . . . and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
>
>    (1) That a defendant . . . be confined in a prison . . . for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended . . . and that the defendant be placed on probation for such period and upon such terms as the court deems best.
>
>    (2) That a defendant convicted of a Class A, Class B, or Class C felony with an imposed sentence of greater than 15 years but not more than 20 years be confined in a prison . . . for a period of three to five years for Class A or Class B felony convictions . . . , during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended . . . and that the defendant be placed on probation for the period upon the terms as the court deems best. . . .

ALA. CODE § 15-18-8(a)(1)&(2). (Id.).

4

Robinson further contends that the Sentencing Reform Act of 2003, contained in Ala. Code §§ 12-25-30 to 38, includes Class A felonies and gives state judges the discretion in sentencing a criminal defendant.  (Id. at 5).  He also mentions that Alabama passed the Sentencing Reform Act of 2015.  (Id.).  He seems to maintain that the foregoing laws violate equal protection of law because an individual charged with murder can be sentenced under § 15-18-8 and receive 20 years, split to serve only three to five years.  (Id.).  While on the other hand, a individual, such as he, can be sentenced under § 13A-5-6, receive a life sentence, be held for an excessive number of years, and be no closer to parole than when he first began serving his sentence.  (Id.).  He argues that "[h]is sentence is a sentence of life without the possibility of parole, the words are just hidden."  (Id.).  He continues "Alabama has no safeguards in place to render an eligible offender parole; no guarantee that if a candidate meets the criteria he or she will be given a chance at parole."  (Id.).  Many inmates served countless years until their death regardless of their institutional record, which, he contends, is cruel and unusual punishment.  (Id. at 5-6).

With respect to §§ 12-25-30 through 38, the Alabama Sentencing Reform Act of 2003, Robinson claims that the legislature recognized Alabama's sentencing schemes were in need of change, and he points out that § 12-25-31(b)(2) states that "one of the reasons for reform is to eliminate unwarranted disparity in sentencing."  (Id. at 6-7).  He also cites to § 13A-5-9.1 as a provision that could be used by courts to resentence life-without-parole prisoners.[3]  (Id. at 7-8).  Inmates with life-without-parole sentences were given sentences releasing them from prison, which he claims violated his equal

---

3  This statute has been repealed.  See ALA. CODE § 13A-5-9.1 ("Retroactive application of Section 13A-5-9. Repealed by Act 2014-165, p. 472, § 1, effective March 13, 2014).

protection rights and inflicted cruel and unusual punishment upon him.  (Id. at 8).

Robinson maintains that his fourteen years of imprisonment is excessive because "inmates" sentenced for more heinous crimes, such as murder, pursuant to § 15-18-8 or § 12-25-20 of the Alabama Code, have completed serving their sentences that began after his sentences.  (Id. at 8).  He then makes an unclear statements that "[t]o impose a sentence which cannot only be compared to life without parole, but is a life without the possibility of parole[,]" as well as the statement that "Alabama has no safeguards in place to render an eligible offender parole; no guarantee that if a candidate meets the criteria, he or she will be given a chance at parole."  (Id. at 11).  Robinson offers that it is cruel and unusual punishment when an inmate serves decades of his sentence with no parole and then dies.  (Id. at 11-12).  Lastly, he asserts that no one is more "available" for parole than he, but it appears that his very "impressive" institutional record does not matter, nor does the amount of time served matter.  (Id. at 12).

In addition to his foregoing theories, Robinson concludes with an unconnected reference to a § 2241 case, ostensibly for the purpose of putting a statement before the Court that he is attacking the "manner in which his sentence has been carried out and duration his sentence has been had."  (Id. at 13).[4]

**C.  Plaintiff's Prior Habeas Action.**

After being unsuccessful in the state courts, on October 11, 2005, Robinson filed a petition for the writ of habeas corpus in this Court, Robinson v. Mosley, CA No. 05-0590-KD-B (S.D. Ala. 2009).  He challenged his first-degree robbery conviction in CC-02-

_____

4 Most of the allegations in Robinson's present complaint are identical to the allegations in the complaint in Orr v. Bentley, 2016 WL 3024944 (M.D. Ala. 2016), except for the differences in the convictions and sentences.  The Orr case was dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).  Id. at *4.  Both inmates were located at Staton Correctional Facility when the complaints were filed in February, 2016.

1803 that arose from his guilty plea and life sentence entered on August 8, 2002.   (Doc.
19 at 1-2).   This Court dismissed his habeas petition as being barred by the statute of
limitations.   (Id. at 8-9, Doc. 20).   No appeal was taken.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Robinson is proceeding in forma pauperis, the Court is reviewing his §
1983 complaint (Doc. 9) under 28 U.S.C. § 1915(e)(2)(B).   Under § 1915(e)(2)(B)(i), a claim
may be dismissed as "frivolous where it lacks an arguable basis in law or fact."   Neitzke
v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is
frivolous as a matter of law where, inter alia, the defendants are immune from suit, id.
at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.
Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for
failure to state a claim upon which relief may be granted.   Mitchell v. Farcass, 112 F.3d
1483, 1490 (11th Cir. 1997).   To avoid dismissal for failure to state a claim upon which
relief can be granted, the allegations must show plausibility.   Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).   "A claim has
facial plausibility when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   That is,
"[f]actual allegations must be enough to raise a right to relief above the speculative

---

[5] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding
statute, 28 U.S.C. § 1915(e)(2)(B).   Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert.
denied, 534 U.S. 1044 (2001).

level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Analysis.

Although Robinson's allegations are not a model of clarity, the Court discerns that he is challenging the fact that others who have committed similar or worse offenses have already been released on account of Alabama's sentencing schemes and that the parole aspect of the sentencing schemes does not give him a chance for parole even though he has met the eligibility requirements and "has a very impressive institutional record." (Doc. 9-1 at 12). As a consequence, he wants the Court to order that the sentencing schemes in Alabama are unconstitutional. (Id. at 7).

8

The Court construes Robinson's request for relief as a request for a declaratory judgment, which is governed by the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Act authorizes "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  Thus, "a mere demand for declaratory relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." S. Jackson & Son v. Coffee, Sugar & Cocoa Exchange, 24 F.3d 427, 431 (2d Cir. 1994).  The declaratory judgment statute is merely procedural and only enlarges the remedies available. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).  Thus, a case or controversy must be pled in order for the Court to have jurisdiction over the request for a declaratory judgment.  28 U.S.C. § 2201.  The "controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed.2d 617 (1937).   In determining if there is an actual case or controversy, courts are advised to avoid ruling on futile or premature interventions, nebulous or contingent disagreements, and only a part of a controversy or a collateral issue. Jenkins v. United States, 386 F.3d 415, 417-18 (2d Cir. 2004).

An essential part of a case or controversy under Article III is standing. Lujan v. Defendants of Wildlife, 504 U.S. 555, 550, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The minimal constitutional standard for standing contains three elements:

> First. . . . "injury in fact"—an invasion of a legally protected
> interest which is (a) concrete and particularized . . . and (b)
> "actual or imminent, not 'conjectural' or 'hypothetical[]'[;] . .
> . Second, there must be a causal connection between the
> injury and the conduct complained of—the injury has to be
> "fairly ... trace[able] to the challenged action of the
> defendant, and not ... th[e] result [of] the independent action
> of some third party not before the court[]"[; and] Third, it
> must be "likely," as opposed to merely "speculative," that
> the injury will be "redressed by a favorable decision."

Id. at 560-61, 112 S.Ct. at 2136.  The burden of establishing these elements is on the

party invoking the court's jurisdiction.  Id.

　　　Turning to the second element for standing, Robinson must causally connect an

injury to an action by each defendant, not another party.  In his complaint, plaintiff

named Governor Bentley, Attorney General Strange, and Warden Daniels as

defendants.  His allegations do not indicate how defendants Bentley and Strange are

responsible for "establishing an effective, fair, and efficient sentencing system for

Alabama" (id. at 5), how their failure to do so has caused him injury, or how they are

involved with the parole scheme as it impacts plaintiff.  Cf. McKenzie v. Riley, 2013 WL

1800554, at *11 n.6 (M.D. Ala. 2013) (unpublished) (finding that defendants former

Governor Riley and former Attorney General King were not responsible for enacting

state laws, in particular the Alabama Community Notification Act); see Abdullah v.

Alabama Sentencing Comm., 386 F. App'x 947, 951 (11th Cir. 2010) (finding "the

Sentencing Commission lacks the authority to abrogate Alabama's SORNA, or purge

the state's sex-offender registration records" as "the Sentencing Commission is

empowered only to make recommendations concerning criminal legislation to the

state's legislative and the executive branches-it is not empowered to enact, modify,

repeal, or enforce legislation").  And defendants Bentley and Strange were not in office

when plaintiff was sentenced on September 2, 2002, the date he claims his cause of

10

action arose.  See https://en.wikipedia.org/wiki/Alabama_elections,_2010 (last visited Sept. 1, 2016) (showing that on November 2, 2010, Robert Bentley was elected Governor and Luther Strange was elected Attorney General).[6]

Moreover, Robinson does not attempt to show a violation, constitutional or not, on defendant Daniels' part; he just states defendant Daniels is responsible for the care, custody, and control of him.  The naming of Daniels, his custodian, as a defendant indicates to the Court that plaintiff hopes to gain his release or a sentence reduction in this action, although he did not plead either.  Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 159 L.Ed.2d 513 (2004) ("the default rule is that the proper respondent is the warden of the facility where the prisoner is being held"); see Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  As a consequence of plaintiff's pleading failures, the Court finds that he has not shown that his injury is traceable to one of the named defendants.  See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (holding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (holding that a plaintiff must establish a causal connection between a defendant's actions, orders, or customs and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a §

---

6 See  Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir.) (holding courts ordinarily take judicial notice of political matters), cert. denied, 522 U.S. 1049 (1998).

1983 action).

Turning to the element concerning whether an actual controversy exists in this case, like the Court in <u>Calderon v. Ashmus</u>, 523 U.S. 740, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998), the controversy underlying Robinson's complaint is whether he is entitled to habeas relief on his sentences.  <u>Id.</u> at 746, 118 S.Ct. at 1698.  The <u>Calderon</u> Court discerned that it must first determine whether the "action for a declaratory judgment is the sort of 'Article III' 'case or controversy' to which federal courts are limited."  <u>Id.</u> at 745, 118 S.Ct. at 1697.  The Supreme Court concluded that the underlying controversy between petitioners and respondent, a death-sentenced inmate, who requested the court to declare whether California would be governed by Chapter 153 of Antiterrorism and Effective Death Penalty Act (AEDPA) (which contains a 1-year filing period for a habeas petition) or Chapter 154 of AEDPA (which contains a 180-day filing period), was whether the respondent was entitled to federal habeas relief.  <u>Id.</u>  The Court found that the issue of which time period would apply in a habeas case was "carved out" of a habeas action and should be addressed when habeas action is brought rather than have the issue determined in anticipation of the habeas's filing.  <u>Id.</u> at 746, 118 S.Ct. at 1698. To permit the respondent to obtain a declaration on this single issue, the Court found that the respondent would have obtained a ruling without having shown that he had exhausted state remedies and it would be disruptive upon on a federal habeas proceeding.  <u>Id.</u> at 748, 118 S.Ct. at 1699.  The <u>Calderon</u> Court determined that the action for a declaratory judgment and injunctive relief was not a justiciable case within the meaning of Article III and ordered it to be dismissed.  <u>Id.</u> at 749, 118 S.Ct. at 1699.

In the present complaint, Robinson sought only declaratory relief when he requested this Court to determine that Alabama's sentencing schemes are

unconstitutional.  Like the inmate in <u>Calderon</u>, he "carved out" this issue out from a habeas action.  If the Court were to rule favorably on this request for a declaratory judgment, there would not be a conclusive determination; that is, a conclusive determination can only be gained in a habeas action, which is where the validity and duration of confinement may be only challenged.  <u>Id.</u> at 747, 118 S.Ct. at 1699 (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)).  By "carving out" this issue from a habeas action, he seeks either to gain a ruling to use in a habeas action or to use in lieu of habeas action, because he has previously filed a habeas action.  <u>But cf</u>. <u>Wilkinson v. Dodson</u>, 544 U.S. 74, 87, 125 S.Ct. 1242, 1251, 161 L.Ed.2d 253 (2005) (Scalia, J., concurring) (recognizing that the unavailability of habeas relief, due to the statute of limitations or the successive petition rule, is not grounds for proceeding under § 1983).  The Court notes that in his prior, time-barred habeas action, he raised only the grounds of ineffective assistance of trial and appellate counsel and the failure to file a direct appeal.  <u>Robinson v. Mosley</u>, CA No. 05-0590-KD-B (S.D. Ala. 2009).  Moreover, a favorable ruling in this action would allow him to bypass exhaustion of his state remedies as well as other habeas procedures, which is an impermissible result.  <u>Id.</u> at 748, 118 S.Ct. at 1699.  Accordingly, the undersigned concludes that because Robinson does not have standing and thus does not have an Article III case or controversy, this Court does not have subject matter jurisdiction over this § 1983 action for declaratory relief.  <u>See</u> <u>Privett v. Alabama</u>, 2007 WL 1491053, at *2 (M.D. Ala. 2007) (dismissing a § 1983 action for lack of subject matter jurisdiction because the <u>Calderon</u> decision barred the use of the Declaratory Judgment Act to declare a state court criminal decision unconstitutional because the entire controversy would not be resolved) (unpublished); <u>Bush v. Alabama</u>, 2007 WL 136732 (M.D. Ala. 2007) (finding that no Article III case

existed when plaintiff asked for a declaratory judgment to have his 30-year conviction

nullified and the revocation of his parole reversed).

Based upon the foregoing reasons, it is recommended that this action be

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B) because this Court lacks subject matter jurisdiction.  Campbell v. Air

Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir.) (ruling that a dismissal for lack of subject

matter jurisdiction is without prejudice), cert. denied, 135 S.Ct. 759 (2014); Digital

Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997)(same).[7]

---

[7]      In the event that it is found that this Court does have jurisdiction over this action,
the decisions in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)
(damages), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)
(damages and declaratory relief), would bar this § 1983 action from proceeding.  The
Court in Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–1842, 36 L.Ed.2d 439
(1973), held "when a state prisoner is challenging the very fact or duration of his
physical imprisonment, and the relief he seeks is a determination that he is entitled to
immediate release or a speedier release from that imprisonment, his sole federal remedy
is a writ of habeas corpus."  Id. at 500, 93 S.Ct. at 1841.  Thus, habeas is the exclusive
remedy to obtain release or a shorter sentence.  Id. at 489, 93 S.Ct. at 1836; Heck, 512
U.S. at 481, 114 S.Ct. at 2369; Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).
Therefore, when a collateral attack is brought in a § 1983 action seeking recovery for an
"allegedly unconstitutional conviction or imprisonment, or for other harm caused by
actions whose unlawfulness would render a conviction or sentence" infirm, it must be
dismissed unless it can be demonstrated that the conviction or sentence has been
invalidated, as a cause of action does not exist until invalidation has occurred.  Heck,
512 U.S. at 481, 487, 93 S.Ct. at 2370, 2373.

Building upon the Heck decision, and acknowledging that the Preiser decision
held that "the sole remedy in federal court for a prisoner seeking restoration of good-
time credits is a writ of habeas corpus," the Court in Balisok ruled that an inmate's §
1983 action for damages and declaratory relief for the hearing officer's deceit and bias
that resulted in the deprivation of good-time credits was not cognizable in a § 1983
action.  520 U.S. at 643-44, 648, 117 S.Ct. at 1586-87, 1589.  The Balisok Court made this
ruling even though the inmate had not requested reinstatement of his good-time
credits, but because the defect of which he complained, if established, would imply the
invalidity of the deprivation of his good-time credits.  Id. at 646, 117 S.Ct. 1588.  Thus,
the Heck and Balisok decisions condition the right to bring a § 1983 action on a
favorable result in state and federal habeas litigation.  Muhammad v. Close, 540 U.S.
749, 751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004).  And the principles of Heck and

14

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the ? period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

Balisok apply equally to the denial of parole. Ray v. Alabama Pardon & Parole Bd., 2008 WL 762091, at *1 (M.D. Ala. 2008) (unpublished).

In the present action, plaintiff has not shown that prior to filing this § 1983 action that his claims were successful in state court and in a federal habeas proceeding, which would thereby render his length of confinement invalid. Thus, the decisions in Heck and Balisok would bar this § 1983 action from proceeding. See Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005) ("Throughout the legal journey from Preiser to Balisok, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."); Pugh v. Smith, 333 F. App'x 476, 479-80 (11th Cir. 2009) (unpublished) ("[A] state prisoner's § 1983 claim is barred 'no matter the relief sought' and 'no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)' if success in that action would necessarily demonstrate the invalidity of his conviction or length of confinement.").

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 7th day of November, 2016.

/s/ Katherine P. Nelson

_____

UNITED STATES MAGISTRATE JUDGE

16